**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CARMEN COLON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL NO. 09-1073-GPM |
| | ) |
| S M I T H K L I N E   B E E C H A M | ) |
| CORPORATION d/b/a GlaxoSmithKline, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This case is before the Court on a motion for remand of the case to state court (Doc. 7). In this case, some ninety-nine Plaintiffs seek damages for personal injuries allegedly caused by Avandia, a prescription medication manufactured and distributed by Defendant SmithKline Beecham Corporation ("SKB").[1]  The complaint in this case asserts claims for relief based upon theories of

---

1.     In addition to Carmen Colon, Plaintiffs in this case are:  Harold Bass, Jr.; James Carter; John Doench; Evander Godwin; Ronnie Lawing; John Vander Linden; Cheryl A. Lovering; Joseph S. Malinowski; Shirley Martin; Barry Martinez; Florence Mason; Jack D. Mason; Roy Elton Mayes; Robert M. McCarther; Gloria R. McCloskey; Francis B McGrath; Howard C. McKie; Delores McKnight; Arthur Mitchell; Barbara Mollentine; Annie B. Montgomery; David Moore; Raymond Motley; Harris L. Muckelvaney; Steve Murray; Oliver F. Murrell; Richard Erwin Newcomb; Reinaldo Nieves; Betsy Odell; Benedict Okpulor; Joseph Pandiscio, Jr.; Leslie Panter; Beulah Patrick; Rodney Phillips; Greg M. Phines; Anna Quesada; Arthur Rardon, Sr.; Marsha Rice; William C. Roche; Norma Rodriguez; Ronnie W. Rome; Judy Rose; Charles Rosenbaum; Patricia N. Rosser; Selby Rushing; Julia M. Ryder; Gail M. Saide; Gerald Sampson; Raymond Sanchez; Hazel Sanford; Cheryl Lee Schorer-Moore; Joseph Sciaraffo; Donald E. Scribner; Ruth Seals; Gregory Senters, Sr.; Mohammed Sharif; Marcie Sidler; Walter Simpson; Barbara Sipes; Lige Sizemore, Jr.; Michael Slaughter; Leonia Smith; Roe Smith; Johnny Sparkman; Charles P. Stipetich; Hallie Stone; Judy Stone; Shannah M. Straughter;

strict products liability, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, negligence, negligent misrepresentation, and breach of express and implied warranties.  This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on November 12, 2009, and has been removed to this Court by GlaxoSmithKline, LLC ("GSK"), which claims to be the successor in interest to SKB; federal subject matter jurisdiction is alleged on the basis of diversity of citizenship.  Plaintiffs in turn have requested remand of this case to state court for lack of subject matter jurisdiction.  Having reviewed carefully the motion and the record of the case, the Court rules as follows.

## II. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand.  Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 n.5 (7th Cir. 1976); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007).  The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540

---

Andrew Strisko; Lois E. Stroup; Shari A. Taylor; Debra Ann Tellijohn; Elizabeth Tenney; Debra Thiombane; Loretta Thomas; Shirley Thomas; Antonio Tommasone; Warren Uber; John M. Valchar; Florence Vanvliet; Maria Vidal; Barbara Walker; Jacqueline Walker; John E. Ward; Delores June Watts; Jimmy Dean Williams, Sr.; Norman Williams; Richard A. Williams; Ronald Williams; Vernon Williams; Karen Willy; Mary Wilson; Richard Allen Wine; Lula A. Wright; Stacy Wright; Sarkis L. Yeramian; Alfred Young; and Cherry Young.

(7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM, 2009 WL 4673933, at *1 (S.D. Ill. Dec. 4, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009); *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1014 (S.D. Ill. 2007). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

Here, as noted, the source of the Court's jurisdiction alleged by GSK is diversity jurisdiction. In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998

(S.D. Ill. 2007); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1044 (S.D. Ill. 2006);

*Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill.

Apr. 25, 2006).  For purposes of federal diversity jurisdiction, a natural person is a citizen of the state

where he or she is domiciled, which is to say, the state where the person is physically present with

an intent to remain there indefinitely.  *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d

616, 617 (7th Cir. 2002); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074

(7th Cir. 1992); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n.1 (7th Cir. 1992); *Sadat v. Mertes*,

615 F.2d 1176, 1180-81 (7th Cir. 1980); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34

(S.D. Ill. 2006).  As to corporate parties, for diversity purposes a corporation is a citizen of both the

state where it is incorporated and the state where it maintains its principal place of business, with the

corporation's principal place of business being determined in the Seventh Circuit by the state where

the corporation has its headquarters or nerve center.  *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life*

*Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wojan v. General Motors Corp.*,

851 F.2d 969, 974 (7th Cir. 1988); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d

1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v.*

*Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  Finally, a limited liability company

("LLC") is deemed to share the citizenship of each of its members for purposes of federal diversity

jurisdiction.  *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007);

*Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450

F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350

F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *LaRoe v.*

*Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).

In this instance there appears to be no dispute that Plaintiffs' claims are each worth $75,000, exclusive of interest and costs, given the severe and permanent physical injuries Plaintiffs allege that they have suffered as a result of using Avandia, together with allegations of aggravated misconduct by SKB, including fraud and deliberate infliction of emotional distress, that potentially could support an award of punitive damages.  *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy); *Gilmore v.*

*Bayer Corp.*, Civil No. 09-986-GPM, 2009 WL 4789406, at *3 (S.D. Ill. Dec. 9, 2009) (noting that this Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege "severe and permanent personal injuries" as a result of use of a prescription medication); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *5 (S.D. Ill. June 30, 2006) (allegations of "chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings" were sufficient to establish that the amount in controversy was satisfied). What is chiefly in dispute here is the requirement of complete diversity of citizenship: Plaintiffs Carmen Colon, Reinaldo Nieves, Gerald Sampson, and Charles Stipetich are citizens of Pennsylvania, as is SKB, which is a corporation incorporated under Pennsylvania law with its principal place of business in Pennsylvania and thus is a citizen of Pennsylvania for diversity purposes.[2]

---

2.    The citizenship of the other Plaintiffs in this case is as follows:  Jack Mason, Robert McArther, Selby Rushing, Richard Williams, and Cherry Young are citizens of Alabama; Barry Martinez, Betsy Odell, Shari Taylor, and Stacy Wright are citizens of Arizona; Mary Wilson is a citizen of Arkansas; Howard McKie, Raymond Motley, Greg Phines, Gail Saide, Cheryl Schorer-Moore, Mohammed Sharif, Florence Vanvliet, and Sarkis Yeramian are citizens of California; Donald Scribner is a citizen of Connecticut; John Doench, Francis McGrath, Annie Montgomery, William Roche, Charles Rosenbaum, Shirley Thomas, and Norman Williams are citizens of Florida; David Moore and Barbara Walker are citizens of Georgia; Gloria McCloskey, Arthur Rardon, Sr., Leonia Smith, Loretta Thomas, and Vernon Williams are citizens of Illinois; Barbara Mollentine is a citizen of Kansas; Steve Murray, Beulah Patrick, Walter Simpson, Lige Sizemore, Jr., and Judy Stone are citizens of Kentucky; Roy Mayes and Ruth Seals are citizens of Louisiana; Joseph Pandiscio, Jr., and Richard Wine are citizens of Maine; Hallie Stone is a citizen of Maryland; Marsha Rice is a citizen of Michigan; Debra Tellijohn is a citizen of Minnesota; Lois Stroup and Warren Uber are citizens of Missouri; John Linden and John Ward are citizens of Nevada; Joseph Malinowski is a citizen of New Hampshire; Joseph Sciaraffo is a citizen of New Jersey; Delores McKnight, Anna Quesada, and Raymond Sanchez are citizens of New Mexico; Antonio Tommasone is a citizen of New York; Harold Bass, Evander Godwin, Norma Rodriguez, and Lula Wright are citizens of North Carolina; Florence Mason, Barbara Sipes, Debra Thiombane, and Jimmy Williams, Sr., are citizens of Ohio; Shirley Martin and Ronald Williams are citizens of Oklahoma; James Carter, Ronnie Lawing, and Harris Muckelvaney are citizens of South Carolina; Cheryl Lovering, Judy Rose, and Jacqueline Walker are citizens of Tennessee; Oliver Murrell,

GSK, which, as noted, is the entity that actually removed this case, contends that diversity of citizenship is complete because SKB has been converted from a corporation to an LLC, specifically, GSK.   According to GSK's notice of removal, the sole member of GSK is GlaxoSmithKline Holdings (Americas), Inc., a corporation incorporated under Delaware law with its principal place of business in Delaware; therefore, because an LLC's citizenship is that of its members, GSK is a citizen of Delaware for diversity purposes.  GSK contends that because none of the Plaintiffs in this case are Delaware citizens, there is complete diversity of citizenship.  The Court can judicially notice the online records of corporations and LLCs maintained by the Pennsylvania Secretary of State at https://www.corporations.state.pa.us/corp/soskb/csearch.asp.  *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *2 n.1 (S.D. Ill. Nov. 20, 2009) (judicially noticing online records of LLCs maintained by the Illinois Secretary of State); *Holmes v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 3425961, at *1 n.1 (S.D. Ill. Oct. 21, 2009) (judicially noticing online records of corporations maintained by the Missouri Secretary of State); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a district court can judicially notice public records and government documents, including those available from reliable sources on the Internet) (collecting cases).  It appears from the Pennsylvania Secretary of State's records that on October 27, 2009, "SMITHKLINE BEECHAM

---

Richard Newcomb, Benedict Okpulor, Leslie Panter, Rodney Phillips, Ronnie Rome, Patricia Rosser, Julia Ryder, Hazel Sanford, Gregory Senters, Sr., Johnny Sparkman, Andrew Strisko, John Valchar, Maria Vidal, and Alfred Young are citizens of Texas; Roe Smith is a citizen of Vermont; Marcie Sidler and Michael Slaughter are citizens of Virginia; Karen Willy is a citizen of Washington; and Shannah Straughter, Elizabeth Tenney, and Delores Watts are citizens of West Virginia.  Arthur Mitchell is a citizen of Washington, D.C., which is deemed to be a state for purposes of the statute governing federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(e) ("The word 'States,' as used in this section, includes . . . the District of Columbia[.]"); *Sligh v. Doe*, 596 F.2d 1169, 1170 (4th Cir. 1979).

CORPORATION," a corporation incorporated under Pennsylvania law, was dissolved; this apparently is the entity named as Defendant in Plaintiffs' complaint in this case.  It further appears from the Pennsylvania Secretary of State's records that on October 27, 2009, a new corporation called SmithKline Beecham Corporation was incorporated under Delaware law, and a new LLC called GlaxoSmithKline, LLC, was organized under Delaware law.  Thus, it appears from the record that an entity called SmithKline Beecham Corporation actually does exist, although with respect to at least one facet of its citizenship for diversity purposes – its place of incorporation – it is diverse from Plaintiffs, a fact that does not mean, of course, that it is diverse from Plaintiffs with respect to the state where it maintains its principal place of business (tested in this Circuit, as noted, by the location of the corporation's nerve center).  At this juncture, as already has been discussed, the Court is required to resolve all doubts appearing from the record against removal and in favor of state court.  More importantly, the fact that the corporate Defendant named in Plaintiffs' complaint in this case has been dissolved does not mean that the Court is free to disregard that entity's citizenship for diversity purposes.

In general, the citizenship of a dissolved corporation for diversity purposes is determined in one of two ways.  First, if the law under which a dissolved corporation was incorporated permits the corporation, after dissolution, to sue and be sued in its own name, the dissolved corporation's citizenship is determined by the state where the corporation was incorporated and the state where the corporation maintained its principal place of business (again, in this Circuit, the state where the corporation had its nerve center).  *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528-29 (7th Cir. 2002); *Muro v. Abel Freight Lines, Inc.*, No. 91 C 6893, 1992 WL 67816, at *1 (N.D. Ill. Mar. 26, 1992); *Illinois Cent. Gulf R.R. Co. v. Arbox Three Corp.*, 700

F. Supp. 389, 390-91 (N.D. Ill. 1988).  Second, if the law under which a dissolved corporation was incorporated does not permit the corporation to sue and be sued in its own name after dissolution, then the citizenship of the dissolved corporation for diversity purposes is the citizenship of the trustee or trustees of the dissolved corporation.  *See Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2009 WL 4506298, at *3 (S.D. Ill. Nov. 26, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Daluga v. Harvey*, No. 87 C 560, 1987 WL 7461, at *2 (N.D. Ill. Mar. 5, 1987).

Here the law of Pennsylvania, where the corporation named as a party Defendant in Plaintiffs' complaint in this case was incorporated at the time of its dissolution, permits a dissolved Pennsylvania corporation to sue and be sued in its own name, and therefore diversity of citizenship is not complete.  The relevant portion of Pennsylvania's corporations code, titled "Survival of remedies and rights after dissolution," states:

> (a) General rule. – The dissolution of a business corporation, either under this subchapter or under Subchapter G (relating to involuntary liquidation and dissolution) or by expiration of its period of duration or otherwise, shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:
> (1) the corporation within the time otherwise limited by law; or
> (2) any other person before or within two years after the date of the dissolution or within the time otherwise limited by this subpart or other provision of law, whichever is less. See sections 1987 (relating to proof of claims), 1993 (relating to acceptance or rejection of matured claims) and 1994 (relating to disposition of unmatured claims).

15 Pa. Cons. Stat. Ann. § 1979.  *See also American Optical Co. v. Philadelphia Elec. Co.*, 228 F. Supp. 293, 295 (E.D. Pa. 1964) (the purpose of Pennsylvania law providing a two-year period within which to assert claims against a dissolved Pennsylvania corporation "is to set up an orderly

procedure for the dissolution of a business corporation and at the same time to fix a time beyond which the shareholders need no longer concern themselves about the possibility that creditors might assert claims which could upset the dissolution and resurrect the corporation for the purpose of defending against the alleged claims."); *Erdely v. Hinchcliffe & Keener, Inc.*, 875 A.2d 1078, 1083 (Pa. Super. Ct. 2005) (Pennsylvania law "extend[s] the corporate life of a dissolved company for a specific period post-dissolution to allow defunct corporations to maintain and defend lawsuits.").

In light of Pennsylvania law providing for suits against dissolved Pennsylvania corporations, it is not the case that SKB is a merely nominal party to this case or that the Court can disregard SKB's citizenship for purposes of evaluating the existence of federal subject matter jurisdiction in diversity in this case. *See Jocz v. Eichleay Eng'rs, Inc.*, Civil Action No. 08-4063, 2008 WL 5157503, at **2-4 (E.D. Pa. Dec. 9, 2008) (holding that dissolved Pennsylvania corporations had not been fraudulently joined to defeat diversity jurisdiction, where Pennsylvania law specifically authorizes suits against dissolved Pennsylvania corporations); *Westchester Fire Ins. Co. v. Treasdale, Inc.*, No. 2:05cv1523, 2008 WL 1943471, at *3 n.5 (W.D. Pa. May 2, 2008) (a dissolved Pennsylvania corporation is a citizen of Pennsylvania for diversity purposes); *F.P. Woll & Co. v. Fifth & Mitchell St. Corp.*, No. Civ.A. 96-CV-5973, 2001 WL 34355652, at **2-3 (E.D. Pa. Dec. 13, 2001) (a dissolved Pennsylvania corporation sued within two years of the corporation's dissolution is a real party in interest in a suit by or against the corporation); *Atlantic Richfield Co. v. Blosenski*, 847 F. Supp. 1261, 1281-82 (E.D. Pa. 1994) (same). *Accord Silk Ltd. v. Nicole Originals*, No. 89 C 8137, 1989 WL 153549, at *1 (N.D. Ill. Nov. 7, 1989) (a dissolved corporation was not a nominal party to a lawsuit where Illinois law, under which the

corporation had been incorporated, authorized suits by and against the corporation for up to five years after its dissolution, and thus complete diversity of citizenship was lacking in a suit against the dissolved corporation brought by another Illinois citizen); *Talarico v. Roche Labs.*, No. 89 C 2787, 1989 WL 65052, at *1 (N.D. Ill. June 1, 1989) (same). As the United States Court of Appeals for the Seventh Circuit has instructed, "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum . . . . Neither [28 U.S.C.] § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). It is apparent from the record of this case that diversity jurisdiction existed neither when the case was filed nor when it was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986) (citing 28 U.S.C. § 1441(a)) ("[T]he required diversity must exist both when the suit is filed . . . and when it is removed[.]"); *Tullis v. Wal-Mart Stores, Inc.*, Civil No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009) (testing the issue of complete diversity of citizenship both at the time a case was filed and the time it was removed); *Haslund v. Simon Prop. Group, Inc.*, 239 F. Supp. 2d 818, 820 (N.D. Ill. 2003) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537 (1824)) ("It is universal black letter law, and has been for nearly 180 years . . . that the existence of diversity jurisdiction in a removal case is to be tested in terms of the facts as they existed at the time of commencement of the lawsuit and again at the time of removal."). In view of the lack of complete diversity of citizenship in this case as between Plaintiffs Colon, Nieves, Sampson, and Stipetich, on the one hand, and SKB, on the other, the Court must remand the case to state court for lack of federal subject matter jurisdiction.

### III. Conclusion

Plaintiffs' motion for remand of this case to state court (Doc. 7) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  January 5, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge